IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLY L. TITSWORTH                                                                                    PLAINTIFF

v.                                         NO. 4:09CV00882 HDY

MICHAEL J. ASTRUE,                                                                                   DEFENDANT
Commissioner of the Social
Security Administration

### MEMORANDUM OPINION AND ORDER

BACKGROUND. Plaintiff Kelly L. Titsworth ("Titsworth") began her attempt to obtain benefits by filing applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). Her applications were denied initially and upon reconsideration. She next requested, and received, a de novo hearing before an Administrative Law Judge ("ALJ"), who eventually issued a decision adverse to Titsworth. She then appealed the ALJ's decision. The Appeals Council affirmed the ALJ's decision, which became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Titsworth thereafter commenced this proceeding by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, she challenged the Commissioner's final decision.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. The standard requires the Court to take into consideration "the weight of the evidence in the record and apply a balancing test to evidence which is contrary." See Heino v. Astrue, 578 F.3d 873, 878 (8th Cir. 2009) [internal quotations and citations omitted].

THE ALJ'S FINDINGS. The ALJ made findings pursuant to the five step sequential evaluation process. At step one, he found that Titsworth has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that she has the following severe impairments: degenerative disk disease and obesity. At step three, he found that she does not have an impairment or combination of impairments listed in, or medically equal to, the governing regulations. The ALJ then assessed Titsworth's residual functional capacity and found that she is capable of performing sedentary work with some limitations.[1] At step four, he found that she is unable to perform her past relevant work as a hand packager, sanitation worker, and inspector and hand packager of plastic products. At step five, he found that her residual functional capacity, age, education, work experience, and the testimony of a vocational expert are such that there are jobs in the national economy that Titsworth can perform. Accordingly, the ALJ concluded that she is not disabled within the meaning of the Act.

---

[1] With regard to those limitations, the ALJ found that Titsworth can "occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; sit for six hours and stand and walk for two hours; frequently kneel and crawl; and occasionally climb, balance, stoop, and crouch." See Transcript at 46.

<u>TITSWORTH'S SUBJECTIVE COMPLAINTS</u>. Are the ALJ's findings supported by substantial evidence on the record as a whole? Titsworth thinks not and advances a number of reasons why, only one of which has merit. She maintains that the ALJ failed to properly adjudge her credibility regarding her subjective complaints. For the reasons that follow, the Court agrees.

In <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217-1218 (8th Cir. 2001), the Court of Appeals provided the following guidance in properly evaluating a claimant's subjective complaints:

> ... Before determining a claimant's [residual functional capacity], the ALJ first must evaluate the claimant's credibility. In evaluating subjective complaints, the ALJ must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; [the] duration, frequency and intensity of pain; [the] dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir.1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. <u>Id</u>. at 1322. ... The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. ...

Although the ALJ is not obligated to explicitly discuss each <u>Polaski v. Heckler</u> factor but need only "acknowledge and consider those factors before discounting a claimant's subjective complaints," the ALJ must make "express credibility determinations and set forth the inconsistencies in the record that cause him to reject the claimant's complaints." See <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 590 (8th Cir. 2004).

The ALJ's findings as to Titsworth's subjective complaints were scant. He noted the representations she made to a nurse practitioner in a residual functional capacity report, see Transcript at 47; noted Titsworth's statements that she "[can] not carry a clothes basket, [can] not stand to wash dishes, and [can] not bend and squat," see Id.; and found the following:

> After careful consideration of the evidence, the undersigned finds that [Titsworth's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

See Transcript at 46.

In evaluating Titsworth's subjective complaints, the ALJ never cited Polaski v. Heckler. His failure to do so is not fatal, though. He instead cited Social Security Ruling 96-7p, which tracks Polaski v. Heckler. What is fatal, though, is that the ALJ's analysis of the relevant factors is deficient and not supported by substantial evidence on the record as a whole.

The ALJ found that Titsworth is severely impaired as a result of, inter alia, degenerative disk disease. His finding is supported by substantial evidence on the record as a whole as it contains several references to the impairment. The record also contains several references to back pain, pain possibly associated with the impairment. Thus, there is medical evidence of an impairment that possibly causes her pain.

Titsworth provided evidence prior to, and during, the administrative hearing as to the restrictions of her daily activities caused by her pain. See Transcript at 19-24, 142-149. The ALJ made scant mention of those activities. She provided evidence of the duration, frequency, and intensity of her pain. See Transcript at 15-16, 18, 132-133. He failed to make any mention of those matters. Titsworth provided evidence of the dosage, effectiveness, and side effects of her medication. See Transcript at 14-16, 156. 171. He failed to make any mention of those matters. He also made no mention of any precipitating and aggravated factors or functional restrictions.

For the foregoing reasons, the Court finds that the ALJ failed to make express credibility determinations and set forth the inconsistencies in the record that caused him to discount Titsworth's subjective complaints. The Court can only guess as to the basis for his finding that her subjective complaints were not credible.

CONCLUSION. The ALJ's findings on the issue of Titsworth's credibility as to her subjective complaints is not supported by substantial evidence on the record as a whole, and a remand is warranted. A proper evaluation of her credibility is essential, particularly in this type of case as it primarily involves pain possibly associated with an undeniable impairment, i.e., degenerative disk disease. The ALJ is directed to more fully develop the record with regard to her subjective complaints. His decision is reversed and remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

IT IS SO ORDERED this ___7___ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE